## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Mathew Bulala; Catholic Diocese of Geita, Tanzania; Catholic Diocese of Mwanza, Tanzania; and Yohana D. Sagenge | Civil No. 08-6233 (RHK/SRN) |
| Plaintiffs, | **REPORT & RECOMMENDATION** |
| v. | |
| Gabriel Odima and G.K. Consulting Services, LLC, | |
| Defendants, | |

SUSAN RICHARD NELSON, United States Magistrate Judge

This matter is before the Court on Plaintiffs' First Motion for Judgment on the Agreement of the Parties. (Doc. No. 13.) The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1(a).  (See Order of 11/6/09, Doc. No. 17.)  For the reasons set forth herein, the Court recommends that Plaintiffs' motion be granted.

### FINDINGS OF FACT

1.    Plaintiffs Matthew Bulala, the Catholic Dioceses of Geita and Mwanza, Tanzania and Yohana D. Sagenge served and filed a Summons and Complaint in this matter on December 2, 2008.

2.    Defendants Gabriel Odima and G.K. Consulting Services served and filed an Answer to the Complaint on July 17, 2009.

3.    Defendant Odima appears pro se and Defendant G.K. Consulting Services, LLC has no legal representation.

4.      Plaintiffs are members of the clergy or religious institutions who brought this action alleging fraud and breach of contract against Defendants.

5.      Plaintiff Mathew Bulala is a Catholic priest and resident of Chicago, Illinois.

6.      Plaintiff Catholic Diocese of Geita, Tanzania, is an entity organized under the laws of Tanzania and the Catholic Church.

7.      Plaintiff Catholic Diocese of Mwanza, Tanzania, is an entity organized under the laws of Tanzania and the Catholic Church.

8.      Defendant G.K. Consulting Services, LLC, ("G.K. Consulting Services") is a domestic corporation with its principal place of business in St. Paul, Minnesota, that provides used Japanese motor vehicles to non-governmental organizations, government institutions, foreign missions, community development projects, schools, hospitals, churches and private individuals in developing countries.

9.      Defendant Gabriel Odima is the president of G.K. Consulting Services, LLC, and resides in St. Paul, Minnesota.

10.     The Catholic Dioceses of Mwanza and Geita, which provide transportation for their priests, contacted Defendants to help them find and supply vehicles for their priests.

11.     Between May 2006 and April 2008, Plaintiffs and Defendants entered into purchase agreements for the purchase and supply of certain vehicles.

12.     Plaintiffs paid Defendants the agreed-upon funds under the agreements, but Defendants failed to deliver the vehicles.

13.     In a settlement agreement between the parties ("Settlement Agreement"), signed on October 2, 2009, Defendants agreed to deliver the vehicles to Plaintiffs in Tanzania by October 30, 2009.

14. In the Settlement Agreement, Defendants consented to the entry of judgment if they failed to deliver the vehicles by the agreed-upon date and Plaintiffs agreed to suspend further proceedings in the litigation until October 31, 2009.

15. Having been advised that the matter had been settled, this Court ordered the dismissal of this action with prejudice on October 15, 2009, but retained jurisdiction for sixty days, during which time a party could submit and file a stipulated form of final judgment or seek enforcement of the settlement terms.

16. Defendants breached the Agreement by failing to deliver the vehicles to Plaintiffs by October 30, 2009.

17. Plaintiffs filed the instant Motion for Judgment on November 2, 2009.

18. Plaintiffs Bulala and the Catholic Diocese of Geita seek entry of judgment in the amount of $31,900.

19. Defendant concedes that the amount of $31,900 is owed to Bulala and the Catholic Diocese of Geita.

20. Plaintiff Sagenge seeks entry of judgment in the amount of $10,000.

21. Plaintiff the Catholic Diocese of Mwanza seeks a refund in the amount of $18,000 per vehicle. As two vehicles were not delivered, it seeks entry of judgment in the total amount of $36,000.

22. Plaintiffs seek a combined total entry of judgment of $77,900, plus interest, together with the costs of this action.

## CONCLUSIONS OF LAW

1. Defendants breached the terms of the Settlement Agreement and the Court recommends that judgment be entered against them.

2. As to Defendant G.K. Consulting Services, LLC, the Court also recommends that

judgment may be properly entered against it for having failed to obtain counsel.[1]

3.      Defendants are liable to: Plaintiffs Bulala and the Catholic Diocese of Geita in the amount of $31,900; Plaintiff Sagenge in the amount of $10,000; and Plaintiff the Catholic Diocese of Mwanza in the amount of $36,000. Defendants are liable to Plaintiffs in the total amount of $77,900.

4.      Defendants are liable for Plaintiffs' costs.

## RECOMMENDATION

1.      Therefore, **IT IS HEREBY RECOMMENDED THAT** Plaintiffs' First Motion for Judgment on the Agreement of the Parties (Doc. No. 13) be **GRANTED**.

2.      That judgment in the amount of $77,900 be entered against Defendants in favor of the Plaintiffs.

3.      That Plaintiffs be entitled to costs based upon their efforts in enforcing the agreements.

Dated: March 1, 2010

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

---

[1] If a corporation fails to retain counsel, default judgment is the practical effect, as a corporation cannot proceed *pro se* in federal court. See Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993) ("It has been the law for the better part of two centuries that a corporation may appear in federal court only through licensed counsel."); see also, Forsythe v. Hales, 255 F.3d 487, 490 (8 Cir. 2001) (holding entry of default proper where corporate defendant failed to engage counsel admitted to practice before the district court.)

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **March 16, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.